IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**KENNETH ROSE**                                                                                          **PETITIONER**

V.                               No. 2:22-cv-00214 BSM/PSH

**JOHN P. YATES, Warden,**
**FCI Forrest City**                                                                                     **RESPONDENT**

### FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Kenneth Rose ("Rose") is in federal custody in the Eastern District of Arkansas as a result of pleading guilty to the crimes of armed bank robbery and brandishing a firearm during a crime of violence. Rose was sentenced in the United States District Court for the Southern District of Illinois to imprisonment of

1

120 months imprisonment (36 months for armed robbery, and 84 months for the firearm offense, to be served consecutively) and three years of supervised release.

Rose filed a petition for writ of habeas corpus on November 25, 2022 (Doc. No. 1). In it, he asserts that he is being denied earned time credits ("ETC") under the First Step Act ("FSA"), enacted in 2018 in part to provide additional time credits to be applied toward time in prerelease custody or supervised release. Pub. L. 115-391.[1]

Rose concedes he is ineligible for ETC for the time he must serve (84 months) for the firearm offense, as the FSA explicitly defines firearm offenses under 18 U.S.C. § 924 as disqualifying offenses.[2] Rose argues, however, that ETC should be awarded for the time served (36 months) for armed robbery, an offense which is not listed as an FSA disqualifying offense. He points to the statutory language which indicates he is ineligible for ETC only while serving *a sentence* for a disqualifying offense. *See* 18 U.S.C. § 3632(d)(4)(D). Since the statute uses *sentence* in the singular form, Rose contends the Bureau of Prisons ("BOP") is

---

[1] In his response, Yates addresses the merits of Rose's claim, but also contends the case should be dismissed for Rose's failure to exhaust his available administrative remedies. At the time of the filing of this lawsuit Rose had proceeded through the administrative process to its final stage, and had filed his final appeal with the Office of General Counsel on November 17, 2022, five days before filing this case. Doc. No. 6, page 4. This appeal was ultimately denied. Doc. No. 12. Should the Court dismiss this case for failure to exhaust, an effort by Rose to now exhaust would clearly be futile.

[2] 18 U.S.C. § 3632(d)(4)(D) lists offenses, including section 924(c) crimes, rendering a prisoner ineligible to receive FSA time credits.

obligated to bifurcate his sentences, considering them separately and calculating his ETC accordingly. This argument, however, must be squared with the language of 18 U.S.C. § 3584(c), enacted in 1984, which provides that "multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment."

Few other Courts have addressed this argument. The Court cites with favor the analysis from a recent decision from the United States District Court, District of Connecticut:

> "Courts have consistently held that sentence calculation by the BOP and the BOP's administration of incentives which reduce the length of a prisoner's term of imprisonment are administrative functions of the BOP subject to § 3584(c)." *Sok v. Eischen*, No. 22-cv-458 (ECT/LIB), 2022 WL 17156797, at *5 (D. Minn. Oct. 26, 2022) (collecting cases), report and recommendation adopted, 2022 WL 17128929 (Nov. 22, 2022); *see also United States v. Martin*, 974 F.3d 124, 136 (2d Cir. 2020) (finding that "administrative purposes" referenced in § 3584(c) are described in, "among other provisions, 18 U.S.C. § 3585, which authorizes the BOP to provide inmates with credit towards their sentence for various reasons, including for time spent in detention prior to commencement of the sentence"); *Chambers v. Warden Lewisburg USP,* 852 F. App'x 648, 650 (3d Cir. 2021) ("The BOP was permitted to aggregate Chambers's otherwise-consecutive sentences into a single unit for purely administrative purposes, such as—at issue here—calculating GTC under 18 U.S.C. § 3624."); *Moreno v. Ives*, 842 F. App'x 18, 21–22 (9th Cir. 2020) (considering an administrative purpose the determination eligibility for early release for completion of residential drug treatment program and finding that, "[i]nsofar as Mr. Moreno argues that § 3584(c) is limited to sentence computation, no such limit exists in the language of the statute, and other courts have recognized that the statute applies to all administrative determinations made by BOP"); *United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender,

3

the Attorney General, through the BOP, has the responsibility for administering the sentence.").

While the FSA is silent on how to determine the eligibility of an inmate, like Mr. Giovinco, convicted of multiple charges, not all of which render him ineligible for time credits and where he has served a term of imprisonment greater than the length of the sentence on the ineligible charge, *see Sok,* 2022 WL 17156797, at *3 (acknowledging that section 3632(d)(4)(D) is ambiguous on how to treat prisoners serving sentences based on more than one charge), the plain language of the statute does not support Mr. Giovinco's desired result.

Where a federal statute is ambiguous on its face and the federal agency responsible for administering the statute has adopted a reasonable interpretation of the statute, the Court must accept the federal agency's interpretation. *See Chevron U.S.A, Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-44 (1984); *Braithwaite v. Garland*, 3 F.4th 542, 552 (2d Cir. 2021) (stating that, where statute is ambiguous, court "must defer to an agency's 'permissible construction of the statute' ") (citing *Chevron*, 467 U.S. at 843).

And when interpreting a statute, the language must be read in context. *See McCarthy v. Bronson*, 500 U.S. 136, 139 (1991) ("[S]tatutory language must always be read in its proper context."); *Pharaohs GC. Inc. v. U.S. Small Bus. Admin.*, 990 F.3d 217, 226 (2d Cir. 2021) ("It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." (citation omitted)). Thus, this provision must be read in the context of the BOP's statutory obligation to aggregate concurrent and consecutive sentences for administrative purposes.

Few courts have yet had the opportunity to address this type of claim. In *Sok*, the petitioner had been convicted of multiple offenses, one of which was on the list of ineligible charges. 2022 WL 17156797, at *2. He sought FSA time credits arguing that the length of his sentence relevant to the ineligible charge had elapsed and he was now serving a sentence only for eligible offenses. *Id*. The court found the BOP's

> interpretation of the statute was reasonable, and even mandatory, in light of the statute requiring aggregation of sentences. *Id.* at *5.
>
> In another case challenging eligibility for FSA time credits, the petitioner's sentence for the ineligible charge was ordered to run consecutively to the sentences on his other charges. *See Teed v. Warden*, No. 1:22-CV-1568, 2023 WL 1768121, at *3 (M.D. Pa. Feb. 3, 2023). The petitioner argued that, because the sentence on the ineligible charge was consecutive, he was not yet serving a sentence for an ineligible offense and, therefore, was eligible for FSA time credits. *Id.* at *2. The court found the petitioner's claim "lack[ed] merit" and held that, in light of the statutory mandate to aggregate sentences, "the BOP properly aggregated [petitioner's] sentences into one sentence for administrative purposes and found that he [was] ineligible for earned time credits under the FSA based on his disqualifying offense." *Id.* at *3; see also *Keeling v. LeMaster*, Civil No. 0:22-cv-00096-GFVT, 2022 WL 17407966, at *2 (E.D. Ky. Dec. 2, 2022) (rejecting claim that sentence should be bifurcated so petitioner could earn FSA time credits for eligible offenses).
>
> This Court agrees that the BOP's interpretation of section 3632(d)(4)(D) is reasonable in light of its long-standing obligation to aggregate sentences for administrative purposes.

*Giovinco v. Pullen*, No. 3:22-CV-1515 (VAB), 2023 WL 1928108, at *2–4 (D. Conn. Feb. 10, 2023). The *Giovinco* decision and reasoning has been adopted by other district courts. *See Dahda v. Hudson*, No. 23-3008-JWL, 2023 WL 2815920, at *1 (D. Kan. Mar. 7, 2023), and *Ledford v. Lemaster*, No. CV 23-30-DLB, 2023 WL 2905376, at *3 (E.D. Ky. Mar. 28, 2023).

As previously noted, 18 U.S.C. § 3584(c) was enacted in 1984. As a result, the statute has been examined under a similar scenario involving the BOP's administration of sentence-reducing incentives under the BOP's residential drug

5

abuse program ("RDAP"). For example, the *Giovinco* Court cites *Moreno v. Ives*, 842 F. App'x 18, 21–22 (9th Cir. 2020) as an instance where the BOP's aggregation of multiple sentences was deemed within their discretion under section 3584(c). Other cases agree. *See Rankin-El v. Holinka*, 2007 WL 495004 (D. Minn., Feb. 13, 2007) (petitioner's two-level enhancement, though drawn from one of his two sentences, precluded him from the benefits of RDAP because the BOP properly aggregated the sentences); and *Donald v. Hudgins*, 2018 WL 4519194 (D.S.D., August 13, 2018) ("Mr. Donald does not (and cannot) show the BOP exceeded statutory authority when it excluded him from RDAP eligibility by aggregating his sentences."). The reasoning of these RDAP cases is consistent with the BOP's treatment of the FSA.

In summary, because Rose is in fact serving his Section 924(c) sentence as part of his "single, aggregate term of imprisonment," he is statutorily ineligible to receive FSA time credits and his Section 2241 petition must be denied. Therefore, the Court recommends that his petition for writ of habeas corpus be dismissed and the relief requested be denied.

DATED this 2nd day of May, 2023.

_____
UNITED STATES MAGISTRATE JUDGE