United States District Court
Eastern District of Arkansas
Delta Division

Ken Rose
Plaintiff, Pro Se

v.

E. Kessel, Acting Complex Warden
Respondent

Case No.
2:22-CV-214-BSM

## Motion For Reconsideration

Ken Rose asks this Honorable court to accept this motion and to find cause to withdraw its previous denial order and to allow this matter to proceed for further litigation.

Ken Rose has previously asserted that the central issue in this matter stems from this court's reconciliation of 18 U.S.C. § 3584(a) against the BOP's assertion that section 3584(a) prevails as to whether Rose's sentence terms are to run consecutive or concurrent.

This court has adopted the conclusion that the BOP must comply with section 3584(c) and run Rose's terms concurrently with one-another despite the fact that his terms are 'statutorily' and 'sentenced' to run consecutively in accord with section 3584(a). For the reasons discussed below, Rose objects to the court's conclusion in that it produces and absurd result and is inconsistent with the statutory context of § 3584 as a whole.

### Discussion

As discussed in full in Rose's prior briefing, section 3584(a) Multiple Sentences of Imprisonment- mandates that "multiple terms of inprisonment imposed

at the same time "run" concurrently unless the court orders or the statute mandates that the terms are to "run" consecutively." (emphasis added). The fact that the textual expression of the legislature includes the use of the term "run" implies a command to the arbiter of the given sentence, such as the BOP, to carry out the service of such sentence as clearly described and in compliance with these mandates. In Rose's case, his terms are to "run" consecutive, and not concurrently as the BOP describes.

But, the BOP has adopted an interpretation of 3584(c) which serves its own purpose-to entirely disqualify federal prisoners from the benefits of FIRST STEP ACT time credits when that prisoner has only a final sentencing term that is disqualifying. Neither the government, nor the court, have reasoned why 3584(c)- "for administrative purposes" has come to mean 'a concurrent term' rather than a total term inclusive of consecutive parts to be served in succession to one another. For if the court's conclusion were to be adopted as precedent, the entire sentencing scheme of any or all consecutive sentences would be rendered moot and 3584(a) rendered meaningless since it could be overidden by the authority of the BOP under 3584(c) as adopted in this matter.

It is odd that Rose must now argue that his point be accepted in light of his knowledge that he does, in fact, argue for more sentence time should he prevail. This is so because Rose maintains a term of Supervised Release of 3 years-given as part of his original sentence. As such, Rose's sentencing scheme would now run only by his longest term (7 years under 924(c)) making his 3 year robbery term absorbed within the service of his 7 year term, but would also reduce his imprisonment time to less than 4-years since he must be released to begin his sentencing term of Supervised Release sufficiently to comply with that term's imposed order of 3-years. This result would produce a disposition that no reasonable person could approve because such an adoption would circumvent the legislature and judiciary's sentencing scheme under the powers granted them

through Articles I and III of the Constitution of the United States of America.

## Conclusion

As it stands under this court's recent adoption of 3584(c), as presented by the government that the BOP must "run" all terms at the same time, regardless of whether they are concurrent or consecutive, Rose is now overdetermined and should have been released years ago.

The issue this court now confronts, whether § 924(c) shall "run" concurrent or consecutively has been recently addressed by the Supreme Court in Lora v. U.S., (22-49, S.Ct. June 16, 2023) wherein the Court again has held that section 924(c) continues to impose a "bar on concurrent sentences" under its mandate. Since both sections 3584(a) and 924(c) require that Rose's 924 term run consecutive to his § 2113(d) term, it is logical to conclude that he is eligible to earn FSA credits during service of his section 2113 term but not during his consecutive 924 term.

For these reasons, Rose asks that this court rescind its previous denial order and find good-cause to grant him an order in favor of crediting him with his earned FSA time credits.

### VERIFICATION

I have read the foregoing Motion For Reconsideration and hereby verify that the matters alleged herein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true and correct. Executed at Forrest City, Arkansas on this 15th day of June, 2023.

Ken Rose
Plaintiff, Pro Se
*Kenneth Rose*

3

CERTIFICATE OF SERVICE

I certify under the penalty of perjury that the foregoing Motion For Reconsideration was placed in this prison's internal mail system, postage pre-paid, for service upon this Court via U.S. mail on this 15th day of June, 2023 to Clerk of the Court at 600 West Capitol Avenue Little Rock Arkansas 72201. The Plaintiff asks this Court's Clerk to serve all other interested parties by electronic notification and to send him a filed and stamped copy.

*Kenneth Rose*

Ken Rose
Plaintiff, Pro Se
FCI Forrest City-Low
P.O. Box 9000-Low
Forrest City, Arkansas 72336